UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No.  15cr10256-RGS |
| | ) | |
| ROBERTO JIMENEZ-HEYER, et al. | ) | |

**GOVERNMENT'S SUPPLEMENTAL LEGAL MEMORANDUM RE ITS MOTION TO DETAIN THE DEFENDANTS PENDING TRIAL**

Defendants Garcia and Heyer are scheduled for a detention hearing on June 14, 2016. Both defendants are charged, by Superseding Indictment, with a violation of the Controlled Substances Act which carries a maximum sentence of ten years or more imprisonment. Therefore, under 18 U.S.C. §3142(e)(3)(A), there is a rebuttable presumption "that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community if there is probable cause to believe that the defendant committed the offense …." *United States v. Correia*, 937 F.Supp.2d 189, 192 (D. Mass 2013). The Superseding Indictment in this case establishes probable cause as a matter of law, and, thus, defendants are subject to the rebuttable presumption. *Id*.

Under this rebuttable presumption, both defendants bear the burden of production. *Id*. at 193. "'[T]he presumption serves to shift the burden of production and to require that the defendant introduce 'some evidence' to the contrary.'" *Id*. (quoting *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990)); *see United States v. Ferrer-Sosa*, 28 F.Supp.2d 122, 128 (D.P.R. 2014) ("while the burden of persuasion always rests with the United States, the burden of production shifts to the criminal defendant once the rebuttable presumption of flight and danger

1

to the community is activated"). ***The defendants must meet this burden of production before any further review is required.***

In *Correia*, the magistrate judge found the burden of production was not met where:

> …[C]ounsel for Correia proposed that the defendant's father serve as a Third-Party Custodian and that the defendant live on electronic monitoring at Apt. #1, 83 Nelson Street in Mattapan where he had been living before his arrest.   This is the location at which at which the search was conducted pursuant to a warrant on the date of the defendant's arrest … during which agents found plastic bags containing marijuana, a box of .380 caliber ammunition, and a heat sealer for plastic bags. … The evidence proffered by the defendant was manifestly insufficient to meet the defendant's burden of production.

*Id*.   The Court noted in *Correia* that "in the instant case, the defendant must offer or proffer more evidence, probably in the form of some security, in order to meet his burden."   *Id*. at 194.   The Court detained the defendant "on the basis of his failure to meet the burden of production."   *Id*.

The defendants in this matter are subject to the same burden of production as the initial step in any detention review.   Unless the defendants have sufficient evidence to offer or proffer in order to satisfy their burden of production, they should be detained without any further proceedings.

If further evidence is needed in this matter at any hearing, the government requests that it be introduced through proffer as permitted by the First Circuit.  *See United States v. Whitman*, 514 F.Supp.2d 101, 102 n.1 (D.N.H. 2007) ("The First Circuit has stated that '[a defendant's] objection that a judicial officer may not order detention on the basis of a mere proffer of evidence by the government is simply not correct.'") (citation omitted); *United States v. Acevedo-Ramos*, 755 F.2d 203, 206-07 (1st Cir. 1985).

                            Respectfully submitted,

                            CARMEN M. ORTIZ
                            United States Attorney

Date: June 11, 2016                    By: */s/ Michael J. Crowley*
                            EMILY CUMMINGS
                            MICHAEL CROWLEY
                            Assistant U.S. Attorneys

## **CERTIFICATE OF SERVICE**

I, Michael Crowley, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on this date.

                            */s/ Michael J. Crowley*
                            MICHAEL CROWLEY
                            Assistant U.S. Attorney