UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
16-10156-RGS

UNITED STATES OF AMERICA

v.

ROBERTO CHRISTIAN JIMINEZ-HEYER, et al.,

**ORDER AND
INITIAL STATUS REPORT**

July 28, 2016

KELLEY, M.J.

An initial status conference was held before this court pursuant to the provisions

of Local Rule 116.5(A) today, July 28, 2016. This court enters the following report and

order:

1.    The government has not finished producing automatic discovery but
      expects to do so in the next ten days.   Further discovery, such as drug
      certifications, will be provided in the future.

       No schedule for discovery motions is necessary at this time.

2.    The defendants request expert discovery in accordance with Fed. R. Crim.
      P. 16(a)(1)(E).  The parties have agreed to the following schedule: the
      government shall make its expert disclosure thirty days before trial and the
      defendants shall produce reciprocal discovery under Fed. R. Crim. P.
      16(b)(1)(C) fifteen days before trial.

3.    Defendants may request further discovery.

4.    It is premature to determine whether the defendants will file any
      dispositive motions.

5.   In this court's view, this is not a case involving unusual or complex issues for which an early joint conference with the district judge and the magistrate judge with counsel of record would be useful.

6.   In this court's view, this is not a case involving features which would warrant special attention or modification of the standard schedule, except as provided herein.

7.   It is too early to determine whether a trial will be necessary.  If a trial is necessary it will take approximately three weeks.

8.   With the agreement of the parties,[1] this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161 (h)(7)(A) that the interests of justice, i.e., review of the case, review of evidence, investigation, evaluation of discovery and dispositive motions, consideration of alternatives concerning how best to proceed with this matter, and preparation of dispositive motions, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161 (h)(7)(A) the Clerk of this Court enter excludable time for

---

[1]Counsel for Emmitt Simpkins objected to the exclusion of time to October 27 (and as counsel was standing in for counsel for Angel Mejia Zelaya, she objected on behalf of that defendant as well).  The court nevertheless excludes the time under 18 U.S.C. §3162 (h)(7)(A) and (B)(ii)in the interests of justice, particularly since this is a case with numerous defendants and voluminous discovery and it is not reasonable to expect adequate preparation for trial unless time is set aside for discovery practice.

the period of July 28, 2016 through October 27, 2016 under the Speedy Trial Act.[2]

9.     **An Interim Status Conference has been scheduled for October 27, 2016 at 11:00 a.m.**


                              ___/ s / Page Kelley_____
                              PAGE KELLEY
                              UNITED STATES MAGISTRATE JUDGE

---

[2]     The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).